UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PRINCETON HARRIS,  )
                   )   2:09-cv-01044-GEB-GGH
     Plaintiff,    )
                   )   ORDER TO SHOW CAUSE
  v.               )   AND CONTINUING STATUS
                   )   (PRETRIAL SCHEDULING)
NCO FINANCIAL SYSTEMS, INC., )   CONFERENCE
                   )
     Defendant.    )
_____)

        An Order Setting Status (Pretrial Scheduling) Conference was filed April 17, 2009, ("April 17 Order") in which a status conference was scheduled in this case on July 27, 2009, and a joint status report was required to be filed no later than fourteen days prior to the status conference. The Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on August 10, 2009, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. Plaintiff shall also state in the written response whether Plaintiff or his counsel is at fault, and whether a

1

1 hearing is requested on the OSC.¹  If a hearing is requested, it will
2 be held on August 24, 2009, at 9:00 a.m., just prior to the status
3 conference, which is rescheduled to that date.  In accordance with the
4 requirements set forth in the April 17 Order, a status report shall be
5 filed no later than fourteen days prior to the status conference.
6     IT IS SO ORDERED.
7 Dated:  July 17, 2009

```
                                 _____
                                 GARLAND E. BURRELL, JR.
                                 United States District Judge
```

---

¹ "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).